IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elijah Loren Arthur, Sr.,<br><br>          Movant,<br>v.<br><br>United States of America,<br><br>          Respondent. | No. CV-20-00452-PHX-SPL (MHB)<br>No. CR-14-00848-PHX-SPL<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 6) ("R&R") entered in this matter by Magistrate Judge Michelle H. Burns. Magistrate Judge Burns has recommended that the Motion of Mr. Arthur be denied and dismissed with prejudice in both matters CV-20-00452 and CR-14-00848.

The Court has before it, Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), Response to Movant's Motion from the Respondents (Doc. 4) and the Movant's Reply. (Doc. 5) Additionally, the Court is in receipt of the Report and Recommendation of the Magistrate Judge (Doc. 6), Movant's Objections (Doc. 9) and the Response to the Movant's Objections from the Respondents (Doc. 10).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires

specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. The Movant's objections to the findings and recommendations have been thoroughly considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Burns. This Court finds Judge Burns has correctly concluded that trial counsel was not ineffective in the representation of the Movant. Furthermore, the Court also finds the insufficient evidence claim from the Movant is procedurally defaulted. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 6) is **accepted** and **adopted** by the Court;

2. That the Movant's Objections (Doc. 9) are **overruled**;

3. That the Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) 20-CV-00452 and related matter 14-CR-00848 are **denied** and **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** finding that Mr. Arthur has not made a substantial showing of the denial of a Constitutional right; and

5. That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 14th day of January 2021.

Honorable Steven P. Logan
United States District Judge